STATE OF CALIFORNIA
Division of Labor Standards Enforcement
Department of Industrial Relations
DAVID L. GURLEY, SBN 194298
dgurley@dir.ca.gov
EDNA GARCIA EARLEY, SBN 195661
eearley@dir.ca.gov
PATRICIA SALAZAR, SBN 249935
psalazar@dir.ca.gov
300 Oceangate, Suite 850
Long Beach, CA 90802
Tel. (562) 590-5461
Fax. (562) 499-6438

Attorneys for the Labor Commissioner
and Plaintiff-Respondent NAPOLEON GAITAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON GAITAN,<br><br>         Plaintiff-Respondent,<br><br>    vs.<br><br>XPO CARTAGE, INC.,<br><br>         Defendant-Appellant. | Case No. 2:17-cv-03913–SJO-AS<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID L. GURLEY**<br><br>Date:       July 31, 2017<br>Time:      10:00 a.m.<br>Courtroom: U.S. District Courthouse<br>                 350 W. 1st Street<br>                 Courtroom 10C<br>                 Los Angeles, CA 90012 |

**1**

**NOTICE OF MOTION AND MOTION TO REMAND; MEMO OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID L. GURLEY**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **July 31, 2017 commencing at 10:00 a.m. in Courtroom 10C** of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, 90012, before the Honorable S. James Otero, Plaintiff-Respondent NAPOLEON GAITAN, will and hereby does move the Court for an order remanding the case back to state court as set forth in the Memorandum of Points and Authorities that follow.

This motion is made pursuant to 28 United States Code Section 1447.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of David L. Gurley and all other records and papers on file in this action and all evidence presented at the hearing.

This motion is made following the conference of counsel pursuant to L.R.7-3 which took place on June 13, 2017 and June 15, 2017. (See Declaration of David L. Gurley, attached).

Dated: June 22, 2017                                Respectfully submitted,

/s/ *Edna Garcia Earley*

David L. Gurley, Edna Garcia Earley, Patricia Salazar, Attorneys for Plaintiff-Respondent
NAPOLEON GAITAN

Plaintiff-Respondent NAPOLEON GAITAN ("GAITAN") respectfully submits the following Memorandum of Points and Authorities in Support of his Motion to Remand this case back to State Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

GAITAN filed a wage claim against XPO CARTAGE, INC. f/k/a XPO CARTAGE, INC. (hereinafter, referred to as "XPO") with the State of California Labor Commissioner. An administrative hearing was conducted which resulted in an administrative award against XPO and in favor of GAITAN. On April 25, 2017, XPO filed a *de novo* appeal of the administrative award *in state court* known as Los Angeles Superior Court Case number NS033716. On May 24, 2017, XPO removed the state court action it initiated to the federal court on diversity jurisdiction grounds.

### II.

### ARGUMENT

### A.

### REMOVAL WAS IMPROPER BY XPO, WHO INITIATED THE STATE COURT ACTION

Under 28 U.S.C.A. Section 1441(a), only defendants may remove actions from the state to the federal courts. Plaintiffs may not avail themselves of this procedure. *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.* 843 F.2d 1253 (9th Cir.1988). This procedural requirement exists to ensure that both the plaintiff and the defendant have the opportunity to select federal court where federal jurisdiction exists. See *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995).

In determining whether a litigant is a defendant within the meaning of the

removal provision, the court will look beyond the mere position of the parties in the title of the cause or proceeding, and into the nature of the litigation and the relation of the parties to the issues and the controversy and rearrange or realign the parties accordingly. *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907) (under predecessor statute). District courts must construe the removal statutes strictly *against* removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Takeda v. Northwestern Nat'l. Life Ins. Co*., 765 F.2d 815, 818 (9th Cir.1985).

### 1. Under Federal Law, XPO is Treated as the Plaintiff for Purposes of Removal.

Here, XPO initiated a *de novo* appeal <u>in state court</u> of an administrative award issued against it by the State Labor Commissioner, an administrative agency. Thirty days later, it removed the *de novo* appeal to this federal court. Because XPO initiated the state action, under federal law, it is considered a plaintiff for purposes of removal. *Oppenheimer & Co., Inc. v. Neidhardt* , *supra*, 56 F.3d 352.

In *Oppenheimer*, arbitration claims were filed by a claimant, Neidhardt, against Oppenheimer, who filed an action in state court to stay the arbitration proceedings. *Id.* at 354. Neidhardt removed the action to federal court on the basis of diversity jurisdiction. *Id.* Oppenheimer then sought remand to the state court arguing that Neidhardt instituted the arbitration action and therefore should be treated as a plaintiff and ineligible to remove the matter to federal court. *Id.* at 354-55. The Second Circuit held the first party to seek *judicial* assistance is treated as the "plaintiff" for removal purposes; the opposing party is the "defendant." *Id.* at 356. It is immaterial which party initiated the arbitration proceedings. *Id.*

Following *Oppenheimer*, XPO was the party that first invoked the aid of a judicial forum by appealing, <u>to state court</u>, an administrative decision awarding

4

**NOTICE OF MOTION AND MOTION TO REMAND; MEMO OF POINTS AND AUTHORITIES; AND DECLARATION OF DAVID L. GURLEY**

damages to GAITAN. Thus, XPO is the plaintiff for purposes of the removal statute, and therefore could not remove the case to federal court. *Oppenheimer & Co., Inc. v. Neidhardt*, *supra*, 56 F.3d 352.

In the event XPO argues *Oppenheimer* stands for the proposition that in some cases, parties other than the defendant may have a right to remove, this case is not such a case. Significantly, XPO had the right to initially file its Notice of Appeal from the Labor Commissioner administrative award in federal court. (See analysis in next section).  It chose not to and instead opted to first file in state court.  Thus, it chose its forum. Removal in this case to federal court would defeat the statutory purpose of the removal statute, which is to allow the party who is involuntarily brought into state court (here, GAITAN), the ability to remove to federal court if there is a basis for federal jurisdiction. *Oppenheimer* at p.356.

**2.  XPO Could Have Initiated the De Novo Appeal in Federal Court.**

The Supremacy Clause will invalidate any state law that "interfere[s] with" or contravenes federal law.  See U.S. Consti., Art. VI, cl. 2;  *Hillsborough Cnty, Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712-13, 105 S. Ct. 2371 (1985).  In areas where Congress has not displaced a specific state law, such a law may nonetheless be nullified if it conflicts with federal law. *Id*. at p.713.  Under diversity jurisdiction, a federal court will have jurisdiction of a civil action where the "matter in controversy" exceeds $75,000 and is between citizens of different states.  28 U.S.C.A. § 1332.  Under state law, a party who wishes to appeal an order, decision, or award of the Labor Commissioner *may* do so by filing an appeal with the "superior court." California Labor Code § 98.2(a).

Here, XPO may argue that it had no choice but to file an appeal in state court under California Labor Code Section 98.2(a).  Anticipating this, the Court should note that such an argument is not applicable because XPO had the option of filing either in state *or* federal court.  First, the plain language of California Labor Code

Section 98.2(a) states that an appealing party "may" file in superior court. Such language is permissive, and does not obligate XPO to only file in state court. Second, under the Supremacy Clause, California Labor Code Section 98.2(a) is not intended to interfere with a party's ability or option to seek review of a decision based on diversity jurisdiction pursuant to federal law. Contrary to what XPO may assert, this state law is not meant to exclude the federal court as a forum. Instead, California Labor Code Section 98.2(a) should be read as an alternative or substitute to filing an action in federal court.

Furthermore, XPO should not be allowed to change its mind and instead purport to now be able to file in federal court. This argument would be untimely. It would also defeat the purpose of removal, which, as stated above, is intended to afford the appropriate party the opportunity to choose federal court if it so desires. See *Oppenheimer*, *supra*, 56 F.3d at p.356. Federal courts generally have jurisdiction to review state administrative decisions. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 169-170, 118 S.Ct. 523 (1997). As the defendant, (for purposes of removal in this instant matter), GAITAN, and not XPO, is the appropriate party who can choose whether or not the federal court review the state administrative decision in question. In sum, XPO's opportunity to choose federal court occurred when it filed the action; it does not get two chances to select federal court.

## B.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this matter be remanded to the jurisdiction of the state court.

Dated: June 22, 2017     Respectfully submitted,

/s/ *Edna Garcia Earley*
David L. Gurley, Edna Garcia Earley, Patricia Salazar, Attorneys for
Plaintiff-Respondent
NAPOLEON GAITAN

# DECLARATION OF DAVID L. GURLEY IN SUPPORT OF MOTION FOR REMAND

I, David L. Gurley, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am a staff attorney for the State of California, Department of Industrial Relations, Division of Labor Standards Enforcement. In my capacity as staff attorney I, along with Edna Garcia Earley and Patricia Salazar, represent the interests of the State Labor Commissioner; and in this matter, I concurrently represent the interests of Plaintiff-Respondent NAPOLEON GAITAN pursuant to California Labor Code Section 98.4. I have reviewed the materials in the file pertaining to this matter. If called to testify, I could and would competently testify to the facts as stated in this declaration.

2. **Meet and Confer Per Federal District Court, Central District, Local Rule 7-3:** On June 13, 2017 and June 15, 2017, Patricia Salazar and I met and conferred by telephone with XPO'S attorneys Stephen B. Katz and Sean M. Kramer of Constangy, Brooks, Smith & Prophete LLP, pursuant to Federal District Court, Central District, Local Rule 7-3. During this phone call, Mr. Katz informed Ms. Salazar and I that he intended to oppose the motion to remand this action back to state court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of June, 2017, at Long Beach, California.

/s/ *David L. Gurley*
David L. Gurley