| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV <u>17-03913 SJO (ASx)</u>     **DATE:** <u>July 24, 2017</u>

**TITLE:**     <u>Gaitan v. XPO Cartage, Inc.</u>

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING MOTION TO REMAND** [Docket No. 18]

This matter is before the Court on Plaintiff Napoleon Gaitan's ("Plaintiff") Motion to Remand, filed June 22, 2017.  Defendant XPO Cartage, Inc. ("XPO") opposed the Motion ("Opposition") on July 6, 2017, and Plaintiff replied ("Reply") on July 13, 2017.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 31, 2017.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On March 30, 2016, Plaintiff filed a Complaint with the Labor Commissioner, State of California, Department of Industrial Relations, Division of Labor Standards Enforcement (the "Labor Commissioner"), captioned *Napoleon Gaitan v. XPO Cartage, Inc. A Delaware Corporation DBA XPO Logistics*, State Case No. 05-66467 KR (the "Complaint").  (*See* Notice of Removal, Ex. 1 ("Compl."), ECF No. 1.)  The gravamen of Plaintiff's Complaint is his belief that XPO mis-classified Plaintiff as an independent contractor, rather than as an employee, and therefore he should be entitled to the benefits afforded to employees under the Labor Code.  (*See generally* Compl.) Plaintiff asserted six state law causes of action against XPO for (1) unpaid wages; (2) unlawful deductions; (3) meal period premiums; (4) rest period premiums; (5) waiting time penalties under section 203 of the Labor Code; and (6) liquidated damages under section 1194.2 of the Labor Code.  (*See generally* Compl.)

On December 20, 2016, the Labor Commissioner held an administrative hearing on the claims asserted in Plaintiff's Complaint.  (*See* Notice of Removal ¶ 2.)  On April 14, 2017, the Commissioner served XPO by mail with a copy of its Order, Decision or Award of the Labor Commissioner ("ODA"), in which the Commissioner, among other things, ordered that XPO must pay Plaintiff $188,198.27.  (Notice of Removal, Ex. 2 ("ODA").)

XPO filed a Notice of Appeal of the ODA in the Superior Court of the State of California for the County of Los Angeles — Long Beach ("Superior Court") on April 25, 2017.  (Notice of Removal, Ex. 3.)  Over the next month, XPO filed several documents in the Superior Court, including an

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 17-03913 SJO (ASx)          **DATE:** July 24, 2017

addendum to its Notice of Appeal that included a copy of Plaintiff's Complaint previously filed with the Labor Commissioner. (Notice of Removal ¶ 3, Ex. 5.) On May 22, 2017, XPO filed its Answer in the Superior Court, along with a peremptory challenge to the judicial officer, which the Superior Court subsequently accepted. (Notice of Removal, Exs. 7-9.)

Two days after filing these documents, XPO filed a Notice of Removal, submitting that this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a)(1) ("Section 1332") and that the action may be removed pursuant to 28 U.S.C. section 1441(b) ("Section 1441"). (*See* Notice of Removal ¶ 6.) In its Notice of Removal, XPO argued that removal of an appeal from a state administrative action is proper pursuant to *BNSF Railway Company v. O'Dea*, 572 F.3d 785 (9th Cir. 2009), and further argued that California district courts have noted specifically that an appeal of a Labor Commissioner's decision under Labor Code section 98.2 is properly removable. (Notice of Removal ¶¶ 7-8 [citations omitted].)

II.     <u>DISCUSSION</u>

Plaintiff presents a single argument as to why the instant action should be remanded: that because XPO appealed the ODA to the Superior Court prior to filing its Notice of Removal, this Court should deem it the "plaintiff" for the purpose of determining whether removal was proper. (*See generally* Mot., ECF No. 18.) XPO disagrees, arguing Plaintiff's potential for the recovery of damages from XPO remains the "mainspring of the proceedings" at issue here. (*See generally* Opp'n, ECF No. 22.)

Section 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant** or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, "[t]he right to remove a state court case to federal court is clearly limited to defendants." *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (citing 28 U.S.C. § 1441).

That the right to remove is "limited to defendants" does not automatically end the inquiry, however, as the parties dispute whether XPO can be considered a "defendant" in light of its decision to appeal the ODA to the Superior Court before removing to this Court. In support of their respective arguments that XPO is or is not a "defendant" for purpose of analyzing whether removal is proper, XPO relies heavily on Supreme Court precedent from the early- and mid-1900s, while Plaintiff relies on more recent decisions from the federal courts of appeals. The Court grapples with these and other authorities below.

"In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court analyzed the legislative history of the removal statute then contained in 28 U.S.C. § 71 and now embodied in 28 U.S.C. § 1441." *Id.* at 1260-61. "The Supreme Court quoted a

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 17-03913 SJO (ASx)          **DATE:** July 24, 2017

House Report stating that 'it is believed to be just and proper to require the plaintiff to abide his selection of a forum.'" *Id.* at 1661 (quoting H.Rep. No. 1078, 49th Cong., 1st Sess. 1 (1887)). "Similarly, in *Ryder Truck Rental*, the court noted that the same policy considerations reflected in the restrictions on removal should come into play in repetitive lawsuit situations." *Id.* (citing *Ryder Truck Rental v. Acton Foodservices Corp.*, 554 F. Supp. 277, 280 n.6 (C.D. Cal. 1983)). "Noting that a plaintiff in a diversity suit can choose between a state and federal forum when it initiates the suit, the court concluded, '[h]aving elected state court, plaintiff should be bound by its choice absent compelling reasons to seek relief in another forum.'" *Id.* (quoting *Ryder*, 554 F. Supp. at 280).

In *Oppenheimer & Co., Inc. v. Neidhardt*, the Court of Appeals for the Second Circuit considered whether the district court erred in permitting two claimants who initiated an arbitration action against Oppenheimer with the National Association of Securities Dealers ("NASD"), Ferdinand Neidhardt and Erich Hoepfer ("Claimants"), to remove a responsive action filed by Oppenheimer in New York Supreme Court seeking to stay the arbitration. 56 F.3d 352, 354-55 (2d Cir. 1995). In federal district court, Oppenheimer moved to remand, arguing, among other things, that "because the Claimants instituted the demand for arbitration, they should be considered plaintiffs rather than defendants in the New York State court proceeding and, therefore, ineligible to remove under 28 U.S.C. § 1441(a)." *Id.* at 355. After rejecting arguments made by Oppenheimer that are similar to those raised by XPO in this case, the Second Circuit noted that "[i]n recognition of the fact that, in the **initial** choice of forum, only plaintiffs have the opportunity to select the federal court, the statute conferring the right to remove on defendants is designed to allow defendants the same opportunity." *Id.* at 356 (emphasis in original). "Thus *Victorias Milling Co. v. Hugo Neu Corp.*, 196 F.Supp. 64, 68 (S.D.N.Y.1961), held that for purposes of removal of arbitration questions, the **plaintiff is the party who first invokes the aid of a court**." *Id.* (emphasis added) (citations omitted). This is because "[t]he party who, by his own affirmative and voluntary act, chose the jurisdiction of the state court, should be bound by his choice of forum." *Victorias Milling*, 196 F. Supp. at 69.

In this case, XPO "first invoke[d] the aid of a court" by appealing the ODA to the Superior Court. (Notice of Removal, Ex. 3.) Thus, under the reasoning of *Oppenheimer* and *Victorias Milling*, one would ordinarily conclude that XPO would not be entitled to remove under Section 1441(a). This understanding is in line with a series of decisions from the Central District of California concerning XPO, in which the district courts concluded that "XPO is the plaintiff for the purposes of the removal statute, and therefore could not remove the case to federal court" because "XPO's opportunity to choose federal court occurred when it filed the action; it does not get two chances to select federal court." (Reply, Ex. A [collecting five orders from the Hon. Otis D. Wright in which he denied requests to remand for procedural reasons].)

XPO argues, however, that it should be entitled to remove this action because Section 98.2 of the California Labor Code ("Section 98.2") states that parties "may seek review [of Labor

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

CASE NO.:  CV 17-03913 SJO (ASx)             DATE: July 24, 2017

Commissioner awards] by filing an appeal to the **superior court**, where the appeal shall be heard *de novo*."  (Opp'n 2 [emphasis in brief].)

This argument does not persuade.  Section 98.2(a) provides that "[w]ithin 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo." Cal. Labor Code § 98.2(a).  As XPO itself acknowledges, (Opp'n 9), *BNSF Railway Co. v. O'Dea*, a 2009 decision from the Ninth Circuit Court of Appeals, holds "that district courts have diversity jurisdiction over appeals from state administrative agency decisions when state law places such appeals in state trial courts, and, of course, when the familiar citizenship and amount in controversy requirements are fulfilled." 572 F.3d 785, 791 (9th Cir. 2009) (Fisher, J., concurring).  Thus, pursuant to this controlling authority, the Court concludes that XPO was entitled to initiate its appeal in federal district court.

*Garcia v. Orion Plastics Corporation*, a case cited by XPO in support of its argument that it could only remove to this Court after first filing an appeal with California superior court, does not alter the Court's conclusion.  In that case, Orion Plastics Corporation ("OPC") appealed an adverse Labor Commissioner decision to Los Angeles Superior Court, after which plaintiff Garcia "filed a Notice of Claims in the state court action alleging at least one additional claim not raised before the Commissioner for violation of the federal Fair Labor Standards Act ('FLSA') . . . ." No. CV 15-07514-AB (KSx), 2016 WL 2904853, at *1 (C.D. Cal. May 18, 2016).  "In light of [Garcia's] addition of a federal claim to his state action, on September 24, 2015, [OPC] removed this action to federal court on the basis of **federal question** jurisdiction." *Id.* at *2 (emphasis added).  Thus, only after Garcia added federal claims to the state court action did the action become removable to federal court.  Here, by contrast, XPO first decided to initiate its action in state court, then immediately removed without Plaintiff undertaking any relevant action.  Thus, the reasoning of *Oppenheimer* and *Victorias Milling* applies much more strongly in this case, and the Court concludes that, under the unique circumstances presented in this case, XPO was not entitled to remove pursuant to Section 1441(a).  The Court accordingly **REMANDS** the instant action to the State of California for the County of Los Angeles — Long Beach.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff Napoleon Gaitan's Motion to Remand.  The instant action is hereby **REMANDED** to the State of California for the County of Los Angeles — Long Beach.

IT IS SO ORDERED.